# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH G. JACOBS,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>BNSF RAILWAY COMPANY,  )<br>JEFFREY WETTA, AND TOM ONDRIEZEK,  )<br>)<br>)<br>Defendants.  )<br>) | Case No: 3:21-cv-3255<br><br>**JURY TRIAL DEMANDED** |

Serve:   C T CORPORATION SYSTEM   )
         208 SO LASALLE ST, SUITE 814)
         CHICAGO, IL 60604           )
                                     )
                                     )
Serve:   Mr. Jeffrey Wetta           )
         BNSF Railway Company        )
         201 N 7th Street            )
         Lincoln, NE 68508           )
                                     )
Serve:   Mr. Tom Ondrienzek          )
         BNSF Railway Company        )
         3500 Wellington Ave.        )
         St. Louis, MO 63139         )
                                     )

## COMPLAINT

## COUNT I
## FEDERAL EMPLOYERS' LIABILITY ACT- NEGLIGENCE

COMES NOW the Plaintiff, KENNETH G. JACOBS (hereinafter referred to as "Plaintiff"), by and through his attorneys, Kujawski & Associates, LLC, and for his Complaint against the Defendant, BNSF RAILWAY COMPANY (hereinafter referred to as "Defendant Railroad"), states as follows:

1. That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A., Sections 51 *et. seq.*, as hereinafter more fully shown.

2. That at all times mentioned herein, the Defendant Railroad was and is a corporation controlled, operated and maintained in interstate commerce, engaged in transporting interstate commerce between various states by rail including the states of Illinois, Missouri and Iowa.

3. That on or about March 8, 2020, or on a date known more certainly to the Defendant Railroad, and at all times mentioned herein, Plaintiff was an employee of the Defendant Railroad and had been for several years prior thereto.

4. That at all times mentioned herein, Plaintiff was a resident of Pittsfield, Illinois, within the Central District of Illinois.

5. That at all times mentioned herein, all or part of the duties of Plaintiff as such an employee furthered interstate commerce conducted by the Defendant Railroad or in some way directly or substantially affected said commerce.

6. That on or about the above-said date, and at all times relevant herein, Plaintiff was employed by the Defendant Railroad as an Engineer and as such, was in the performance of his duties in Keokuk, Iowa.

7. That at all times mentioned herein, Plaintiff was acting within the scope and course of his employment with the Defendant Railroad.

8. That on or about March 8, 2020, Plaintiff was working as an Engineer on a train at or near Keokuk, Iowa heading to West Quincy, Missouri.

9. The train Plaintiff was working on had authority from the Defendant Railroad to occupy the mainline track on which it was operating on.

10. That unbeknownst to the Plaintiff, another crew of BNSF employees shoved a train and/or a cut of cars onto the mainline track in front of the train on which the Plaintiff was operating.

11. That the BNSF employees who shoved the train and/or cut of cars onto the mainline did not have authority to put those railcars on the mainline.

12. That the tracks in which Plaintiff was operating his train was a dark territory which had no signals to indicate that the track ahead of Plaintiff's train had been fouled and/or occupied by a train and/or a cut of railcars.

13. That the train Plaintiff was operating came around a curve on the mainline and the Plaintiff saw the cars on the mainline and attempted to stop his train.

14. Plaintiff could not stop his train before the locomotive he was operating struck the cars that were occupying the mainline causing certain railcars and a locomotive to derail as a result of the collision.

15. That the collision was violent, and the Plaintiff was thrown about the inside of the cab of the locomotive he was operating during this collision and derailment.

16. That with regard to the collision and derailment, Plaintiff was in compliance with all of the Defendant Railroad's rules related to the operation of his train.

17. That with regard to the collision and derailment, Plaintiff was in compliance with all the relevant Federal Railroad Administration Regulations related to the operation of his train.

18. That there was nothing the Plaintiff could have done to prevent the collision and derailment between the train he was operating and the train and/or cut of cars that have been that had been shoved onto the mainline.

19. That with regard to the collision and derailment, Plaintiff used ordinary care at the time of this occurrence.

20. That one or more of the employees of the Defendant Railroad who shoved the train and/or cut of cars onto the mainline violated one or more of the Federal Railroad Administration's Regulations.

21. That one or more of the employees of the Defendant Railroad who shoved the train and/or cut of cars onto the mainline violated one or more of the Defendant's safety and operating rules.

22. That after determining that one or more of the crew members involved in shoving the train and/or cut of cars onto the mainline failed to comply with pertinent Federal Railroad Administration Regulations which caused the collision and derailment, the Defendant Railroad decertified or suspended the engineer and/or conductor's license of one or more of the members of the crew who shoved the train and/or cut of cars onto the mainline.

23. That the Defendant Railroad held a formal investigation into the collision and derailment, at which time it took testimony and admitted exhibits. At the end of this formal investigation, the Defendant Railroad through its management employees determined that members of the crew who shoved the train and/or railcars onto the mainline had violated the Defendant Railroad's rules and those violations lead to the collision and derailment.

24. That the Defendant Railroad employees which shoved the train and/or cut of cars on the mainline did so past a control point which violated Federal Railroad Administration Regulations.

25. That the Defendant Railroad employees which shoved the train and/or cut of cars on the mainline did so past a control point which violated Defendant Railroad's safety and operating rules.

26. That the locomotive Plaintiff was operating was equipped with an outward video camera which would show Plaintiff's locomotive approaching the railcars on the mainline, the collision, and the resulting damage from the collision.

27. That as a result of the Defendant Railroad's employees shoving a train and/or cut of cars onto the mainline ahead of the train Plaintiff was operating caused the Plaintiff to sustain injuries and damages.

28. That at said time and place, the Defendant Railroad, by and through its agents, servants, and employees, negligently and carelessly committed one or more of the following acts or omissions, to wit:

    a) Failed to provide reasonably safe conditions for work;

    b) Failed to provide reasonably safe methods of work;

    c) Failed to furnish Plaintiff with a reasonably safe place in which to work;

    d) Allowed unsafe practices to become the standard practice;

    e) Failed to provide derails or other similar devices to keep from being shoved onto the unsignalized main line track;

    f) Failed to provide adequate training to its employees;

g)  Defendant's employees shoved a cut of cars onto the main line track;

h)  Failed to warn Plaintiff that the track was blocked;

i)  Defendant's employees failed to follow its General Code of Operating Rules, Timetables and Safety Rules;

j)  Failed to follow Federal Railroad Administration regulations;

k)  Defendant's employees failed to control the movement of the train;

l)  Defendant followed neither industry nor its own standards regarding its failure to install derails to protect the main line track;

m)  Defendant failed to comply with 49 C.F.R. 218.35, 221.13-14, 240.305(a)(1) & (4); and

n)  Defendant's conduct in violation of safety statutes or regulations was and is negligence per se and prevents the application of comparative fault under the FELA 45 U.S.C. 53, 54 and 54(a).

29. As a result, in whole or in part, one or more of the above fore going acts of negligence or admissions on the part of the BNSF Railway Company, the Plaintiff, while in the performance of his duties as a locomotive engineer, and in connection with and in the scope and course of his employment, was caused to become severely injured when train he was operating collided and derailed with a train or cut of cars that the Defendant Railroad had shoved onto the mainline, causing Plaintiff to sustain severe and permanent injuries to wit: injuries to the muscles, tendons, ligaments, nerves, soft tissues, vertebrae, joints; and injuries to his spine; emotional distress; and posttraumatic stress disorder; that Plaintiff has sustained pain and suffering in the past, and is reasonably certain to experience pain and suffering in the future as a result of said injury; the Plaintiff has incurred permanent disfigurement and disability resulting from said injuries; that Plaintiff has incurred a past and future permanent loss of earning

capacity; that Plaintiff has become obligated in the past for medical expenses resulting from his injuries, and will be obligated in the future to expend large sums of money for necessary medical care, treatment and services; all to the Plaintiff's damages.

WHEREFORE, the Plaintiff, Kenneth G. Jacobs, prays judgment against the Defendant, BNSF Railway Company, in an amount in excess of seventy-five thousand dollars ($75,000.00) to fairly and reasonably compensate him for damages sustained herein, plus costs of the suit, prejudgment interest, post judgment interest, and all other relief deemed appropriate by this Court.

**PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT II**
**THE FEDERAL RAIL SAFETY ACT – 49 UNITED STATES CODE SECTION 20109**

1. The Plaintiff, Kenneth G. Jacobs, brings this action against Defendants, BNSF Railway Company, Jeffrey Wetta, and Tom Ondrienzek, both individually and severally, for violations of the Federal Rail Safety Act, 49 U.S.C. Section 20109.

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Railroad Safety Act, (hereinafter "FRSA") 49 U.S.C. Section 20109(d)(3).

3. The Complainant's FRSA Complaint was filed more than 210 days ago, and as of this date the Secretary of Labor has not issued a final decision.

4. That Plaintiff, Kenneth G. Jacobs, a resident of Pittsfield, Illinois, was employed by the BNSF Railway Company as a locomotive engineer from January 31, 2011 until April 16, 2021.

5. That all times mentioned herein, Defendant, BNSF Railway Company, (hereinafter referred to as "BNSF"), was and is a corporation controlled, operated, and

maintained in interstate commerce and in transporting interstate commerce between various states including Illinois and Iowa, within the meaning of 49 U.S.C. 20109.

6. That at all times mentioned herein, Defendant, Jeffrey Wetta, was an employee and supervisory personnel of BNSF, and at all times mentioned herein was within the meaning and definitions of 49 U.S.C. 20109.

7. That at all times mentioned herein, Defendant, Tom Ondrienzek, was an employee and supervisory personnel of BNSF, and at all times mentioned herein was within the meaning and definitions of 49 U.S.C. 20109.

8. That at all times relevant herein, BNSF owns, operates and maintains track and rail yards throughout the aforementioned states including the State of Iowa and the City of Keokuk.

9. That Plaintiff, by means of this document has filed a formal FRSA Complaint with the Secretary of Labor's OSHA Whistleblower Office.  The filing of the Complaint was within 180 days from the date BNSF took adverse and/or unfavorable personal action against him.

10. That on or about March 8, 2020, Plaintiff was working for BNSF as a locomotive engineer on a train operating on a mainline near Keokuk, Iowa.

11. That at said time and place, other employees of BNSF's shoved a train and/or cut of cars onto the mainline ahead of the train Plaintiff was operating at or near Keokuk, Iowa.

12. The Plaintiff, as he rounded a curve, saw the train and/or cut of cars on the mainline ahead of him and attempted to stop his train. Plaintiff was unsuccessful in stopping his train before the collision and derailment occurred, which was caused by

employees of the Defendant shoving the train and/or rail cars onto the mainline ahead of Plaintiff.

13. That as a result of said collision and derailment, Plaintiff sustained severe and permanent injuries.

14. After March 8, 2020, Plaintiff began to treat with medical practitioners in an attempt to treat his injuries.

15. That the Defendant requested updated medical information from the Plaintiff after the collision and derailment on March 8, 2020.

16. Plaintiff provided the requested medical information to BNSF and remained off work through November 16, 2020.

17. That on November 16, 2020, Plaintiff saw one of his treating physicians, Dr. Matthew Gornet, who provided the Plaintiff with a work status report indicating he could only perform light duty, only lift 20 pounds, and could not operate a train. This report was provided to the Defendant, BNSF.

18. That on February 5, 2021, Jeffrey Wetta, a Director of Administration for BNSF, sent a Notice of a Formal Investigation to the Plaintiff alleging he was indifference to duty and he was on extended unauthorized absence from work beginning on November 18, 2020. The Notice of Investigation Letter is attached as **Exhibit 1**.

19. That on March 24, 20 21, Plaintiff attended an investigation Hearing at the West Quincy Depot Conference Room in Taylor, Missouri, which was conducted by Tom Ondrienzek, the Superintendent of Operations for BNSF. See Transcript Hearing. attached is **Exhibit 2**.

20. During the aforementioned Hearing, Plaintiff testified that the Defendant received Dr. Matthew Gornet work status report, which indicated the Plaintiff's restrictions which were light duty, no lifting greater than 20 pounds, no overhead work and may not drive a train and a note that Plaintiff's next appointment with Dr. Gornet is set for May 17, 2021. See pages 40 – 41 of the Transcript Hearing Exhibit 2 and Exhibit EE1 and EE2 to the Transcript Hearing.  Also attached are Exhibits **EE1a and EE2a** which are more legible copies of **Exhibit EE1 and EE2**.

21. That on April 16, 2021, Plaintiff received a letter from Superintendent of Operations, Tom Ondrienzek, indicating that he was dismissed from all service with BNSF.  See April 16, 2021, Dismissal Letter attached as **Exhibit 3**.

22. This letter indicates that Plaintiff was fired for following the orders and treatment plan of his treating physician, which is a violation of the Federal Railroad Safety Act. Specifically, 49 U.S.C. 20109 (c)(2), which indicates that a rail carrier may not discipline an employee for following orders or a treatment plan of a treating physician.

23. Defendants individually and severally, should be subject to punitive damages under 49 U.S.C. 20109 to deter them from continuing to engage in the outrageous practice of retaliation against employees, and disciplining employees who engage in protected activity as set forth in 49 U.S.C. 20109.

24. Plaintiff Jacobs requests that he be awarded compensatory damages in an amount no less than $4,830,000.00; plus attorney's fees; litigation costs; and Plaintiff further request punitive damages in the amount of $250,000.00 to be assessed against each Defendant, both individually and severally, for their conduct in knowingly charging

and firing Plaintiff Jacobs, for following the orders and treatment plan of his treating physician.

WHEREFORE, Plaintiff, Kenneth G. Jacobs, in order to encourage employees to freely report all injuries and safety complaints without fear of retaliation, thereby ensuring the Federal Railroad Administration has the necessary information to develop and administer an effective rail safety regulatory program that promotes safety in every area of the nation's railroad operations, Plaintiff, Kenneth G. Jacobs, prays for judgment in his favor, and against the Defendants, BNSF Railway Company, Jeffrey Wetta, and Tom Ondrienzek, both individually and severally, for all necessary relief to make Plaintiff whole, including expungement of all references of adverse actions in Plaintiff's personnel file; all available compensatory damages; the statutory maximum of punitive damages per Defendant; litigation costs and expenses; attorneys fees; all damages as authorized by Section 20109; and all other relief this Court deems just and proper.

Respectfully submitted,

**KUJAWSKI & ASSOCIATES, LLC**

By:  s/ John P. Kujawski
**JOHN P. KUJAWSKI, #3128922**
**HARLAN A. HARLA, #6190824**
1331 Park Plaza Drive, Suite 2
O'Fallon, Illinois 62269-1764
Telephone:  (618) 622-3600
Facsimile:   (618) 622-3700
***ATTORNEY FOR PLAINTIFF***